UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES PATRICK WHITE,

    Plaintiff,

v().    Case No. 2:25-cv-161-KCD-DNF

WARDEN PAYNE

    Defendant.
_____/

## **ORDER**

    Defendant Warden Payne moves to dismiss Plaintiff James Patrick White's Second Amended Complaint. (Doc. 29.) White responded (Doc. 30), and the motion is ripe for review. For the reasons stated below, the motion is granted in part and denied in part. Payne is directed to answer the second amended complaint within twenty-one days.

### **I. Procedural History and Second Amended Complaint**

    White—a prisoner at Charlotte Correctional Institution (CCI)—initiated this action with a *pro se* civil rights complaint against six CCI employees. (Doc. 1.) After initial screening, the Court dismissed the complaint with leave to amend. (Doc. 4.) White then filed an amended complaint against the same defendants. (Doc. 6.) The defendants moved to dismiss the amended complaint (Doc. 20), and the Court granted the motion on the grounds that White had filed a shotgun pleading. (Doc. 26 at 7-8.) The Court also determined that

White had not set out plausible First, Fourth, Eighth, or Fourteenth Amendment claims. (*Id.* at 7-13.) Once again, the Court granted White leave to amend. (*Id.* at 13.)

White has filed a second amended complaint against Payne, raising only Eighth and Fourteenth Amendment claims. (Doc. 28.) He alleges that on the morning of September 20, 2024:

> The Plaintiff went back to sleep. The Plaintiff takes a variety of psychiatric medication, one being Zaprexa, which causes drowsiness. However, routine inspection was being conducted, and Warden Payne—because Plaintiff was asleep: (1) didn't give Plaintiff a verbal or written reprimand; (2) or directive; (3) Instructions; (4) no report was written or anything. But Warden Payne had Plaintiff placed on Stage 3 personal property restriction without bedding or linen or basic life necessities [such as] [a] toothbrush, toothpaste, or toilet paper, which was cruel and unusual punishment for a bed not being made and for not being documented. And there was no running water for the period of 72 hours (said to prevent flooding). No showers either.

(*Id.* at 3.)[1] White claims that—due to a lack of toilet paper—he was unable to adequately clean himself, leading to a genital fungus that was treated by a nurse, but took four weeks to heal. (*Id.*) The cream used to treat the fungus caused skin discoloration. (*Id.*) He also asserts that he has neck and back pain caused by "skin and body contact with direct steel" for which he takes

---

[1] For clarity, the Court has corrected minor spelling and grammar errors in the operative complaint.

naproxen. (*Id.*) White seeks monetary and declaratory relief. (*Id.* at 4.)

Payne moves to dismiss White's second amended complaint and argues that: (1) White failed to state a claim on which relief may be granted; (2) Payne is shielded by Eleventh Amendment Immunity; (3) Payne is entitled to qualified immunity; (4) White does not state a claim for declaratory relief; and (5) White's request for punitive damages must be dismissed. (Doc. 29.)[2]

White responded to the motion with 29 pages of argument and attachments. (Doc. 23.) But the Court will not consider additional facts or claims that White offers in his response because its review of a motion to dismiss is limited to the four corners of the complaint. *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

## II. Legal Standards

In evaluating a motion to dismiss, this Court accepts as true all allegations in the complaint and construes them in the light most favorable to the plaintiff. *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262-63 (11th Cir. 2004). This includes all reasonable inferences from the allegations.

---

[2] White sues Payne in his individual capacity only. (*See* Doc. 28 at 2.) Eleventh Amendment sovereign immunity applies to state officials acting in their official capacity, but it does not apply to officials sued in their *individual* capacities under Section 1983. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991). Moreover, at this stage of litigation, the Court will not decide Plaintiff's entitlement to declaratory relief or punitive damages. Resolution of those issues is not dispositive of this case and will not change the course of proceedings on Plaintiff's remaining claims. Payne may raise these issues again if this case proceeds to summary judgment or trial. Thus, the Court now considers only whether Payne is entitled to dismissal under Rule 12(b)(6) or qualified immunity.

*Stephens v. Dep't of Health & Hum. Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990). But factual allegations must be more than speculative:

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).[3] Likewise, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

"To survive a Rule 12(b)(6) motion, a complaint must contain sufficient facts, accepted as true, to state a facially plausible claim for relief." *Galette v. Goodell*, No. 23-10896, 2023 WL 7391697, at *3 (11th Cir. Nov. 8, 2023). "A claim is facially plausible if it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A motion to dismiss fails where the complaint provides facts that raise a right to relief above the speculative level.

### III. Discussion

White purports to seek relief under the Eighth and Fourteenth Amendments. (Doc. 28 at 2.) Liberally construing the complaint, the Court

---

[3] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and subsequent citations.

- 4 -

concludes that White raises two discrete claims. First, he argues that being placed on property restriction without access to toilet paper and running water led to a fungal infection and violated the Eighth Amendment's prohibition on cruel and unusual punishment. Next, he argues that his placement in a strip cell without notice and a hearing violated his procedural due process rights under the Fourteenth Amendment.

### A. White has stated an Eighth Amendment conditions-of-confinement claim.

A plaintiff seeking to show unconstitutional conditions of confinement must clear a "high bar" by demonstrating "extreme deprivations." *Chandler v. Crosby*, 379 F.3d 1278, 1298 (11th Cir. 2004). Although "the Constitution does not mandate comfortable prisons," prison officials must "provide humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). When considering conditions-of-confinement claims, courts apply a two-part analysis containing objective and subjective components. Under the objective component, the plaintiff must show "that extreme conditions created an unreasonable risk—one that society chooses not to tolerate—of serious damage to the detainee's future health or safety." *Ellis v. Pierce Cnty., Ga.*, 415 F. App'x 215, 217 (11th Cir. 2011). Under the subjective component, the plaintiff must show that the defendants acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991).

White asserts that his 72-hour placement on strip-cell status without adequate hygiene supplies amounted to cruel and unusual punishment. Courts in the Eleventh Circuit routinely reject claims that strip-cell status and management meals, standing alone, violate the Eighth Amendment. *See Woodson v. Whitehead*, 673 F. App'x 931, 932 (11th Cir. 2016) ("Confinement without clothing (other than boxers), bedding, or hygienic materials for 72 hours during the months of April and August in Florida is not the type of extreme prison conditions that create a substantial risk of serious harm."); *Alfred v. Bryant*, 378 F. App'x 977, 980 (11th Cir. 2010)(concluding that the lack of a mattress and a malfunctioning toilet were not sufficiently serious to violate the Eighth Amendment).

But these cases are not necessarily dispositive of this action because the Eleventh Circuit has also recognized a "well established" Eighth Amendment right "not to be confined . . . in conditions lacking basic sanitation." *Chandler v. Baird*, 926 F.2d 1057, 1065–66 (11th Cir. 1991). In *Baird*, the plaintiff alleged that he was deprived of toilet paper for three days, running water for two days, and was not provided with soap, a toothbrush, toothpaste, or bed linens. The court found that these conditions—combined with inadequate heating in the plaintiff's cell—were sufficient to state an Eighth Amendment violation. *Id.* at 1063.

While it is unclear from White's sparse allegations that the conditions in his cell were as grim as those described in *Baird*, at this stage of litigation, the Court must take the facts (and all inferences) in White's favor. Under that standard, Payne is not entitled to a Rule 12(b)(6) dismissal or to qualified immunity on White's conditions-of-confinement claim.

### B. White has not stated a Fourteenth Amendment procedural due process claim.

The Due Process Clause of the Fourteenth Amendment protects against deprivations of "life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. To state a due process claim, a prisoner must show: (1) a deprivation of a constitutionally protected property or liberty interest; (2) state action; and (3) constitutionally inadequate process. *Catron v. City of St. Petersburg*, 658 F.3d 1260, 1266 (11th Cir. 2011).

In *Sandin v. Conner*, 515 U.S. 472 (1995), the United States Supreme Court identified two situations in which a prisoner—already deprived of liberty in the traditional sense—can be further deprived of liberty such that procedural due process protections are required. *Id.* at 483-84. "For an inmate to state a claim that prison officials have deprived him of a liberty interest in violation of due process, he must establish either that the deprivation imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life or that a change in [his] conditions of confinement is so

severe that it essentially exceeds the sentence imposed by the court." *Fuller v. Gates*, 656 F. App'x 944, 946 (11th Cir. 2016) (citing *Sandin*, 515 U.S. at 484). And unless White has been deprived of a liberty interest, no due process protection is triggered.

White complains that he was placed on strip-status property restriction "without bedding, linen, and basic life necessities such as toilet paper, tooth brush, tooth paste, etc." (Doc. 28 at 2.) But White's short placement in a strip cell simply does not implicate the Fourteenth Amendment. A relatively short term of segregation rarely implicates a liberty interest protected by the Due Process Clause. *See Smith v. Deemer*, 641 F. App'x 865, 868 (11th Cir. 2016) ("Generally, atypical and significant hardships must exist for a significant period of time."). And the conditions alleged by White only continued for approximately 72 hours.

Second, to the extent White rests his procedural due process claim on the fact that he was immediately confined to strip status after committing a rule infraction (an unmade bed) instead of first receiving notice and a hearing, he essentially attacks Payne's right to determine where White should be housed. But courts have consistently "rejected the notion that every state action carrying adverse consequences for prison inmates automatically activates a due process right." *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *see, e.g.*, *Wilson v. Blankenship*, 163 F.3d 1284, 1295 n.17 (11th Cir. 1998) (recognizing

that the due process clause does not create a liberty interest in being confined in general population rather than administrative segregation); *Meachum v. Fano*, 427 U.S. 215 (1976) (finding no due process protections required when prisoners were transferred to a substantially less agreeable prison—even when the transfer visited a "grievous loss" upon the inmate).

Finally, to the extent White argues that the absence of sufficient hygiene supplies in the strip cell caused his fungal infection, the claim actually attacks the conditions of his confinement—not the pre-confinement process afforded—and is subsumed by White's Eighth Amendment conditions-of-confinement claim.

Because placement in a strip cell did not deprive White of a liberty interest, he was not entitled to any form of due process prior to being placed in the cell, and Defendant Payne is entitled to dismissal of White's Fourteenth Amendment procedural due process claim.

## II. Conclusion

White's allegation that he was confined on strip cell status without a verbal or written warning or other process does not state a Fourteenth Amendment procedural due process claim. However, White will be allowed to develop his Eighth Amendment conditions-of-confinement claim.

Accordingly, it is **ORDERED**:

1. Defendant Payne's motion to dismiss (Doc. 29) is **GRANTED in part and DENIED in part**. The motion is granted as to White's Fourteenth Amendment procedural due process claim and otherwise denied.

2. Defendant Payne shall file an answer to the second amended complaint within **TWENTY-ONE (21) DAYS** from the date of this Order.

**ENTERED** in Fort Myers, Florida on January 5, 2026.

Kyle C. Dudek
United States District Judge